UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EUGENE B. GARVIE,<br><br>                Petitioner,<br><br>   v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | CASE NO. 2:21-cv-00218-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Petitioner, a prisoner at the Stafford Creek Corrections Center, filed a *pro se* a pleading entitled "Motion for Writ of Mandamus." Dkt. 6. Petitioner requests the Court to order the Snohomish County Superior Court to grant him relief from his two state convictions and sentences, Superior Court numbers, 06-1-01151-6 and 15-1-02668-7, and award him damages. *Id.*

The Court has screened this action under both 28 U.S.C. § 1915A(a) and Habeas Rule 4. The Court must dismiss claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Under Rule 4 of the Rules Governing § 2254 habeas cases, the Court must perform a preliminary review of a habeas petition, and should dismiss a habeas petition, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons below, the Court recommends this action be

REPORT AND RECOMMENDATION - 1

dismissed with prejudice. Leave to amend should be denied because no amendment would cure the deficient pleadings submitted and amendment would be futile.

## BACKGROUND

This is the second time petitioner challenges the convictions and sentences imposed in Snohomish County Superior Court case numbers 06-1-01151-6 and 15-1-02668-7. Petitioner's first challenge was lodged in 2018, when he filed a § 2254 habeas petition. *See Garvie v. State of Washington*, CV18-1371-JLR. In that case, the Court found petitioner pleaded guilty in 2006 in case number 06-1-01151-6 to second degree rape of a child, sexual exploitation of a minor and two counts of possession of depictions of a minor and that petitioner was sentenced in 2007. The Court also found petitioner pleaded guilty in case number 15-1-02668-7 to perjury and was sentenced in 2016. The Court dismissed petitioner's habeas petition as untimely and as containing numerous unexhausted claims.

In the present action, petitioner alleges the state lacked probable cause to charge him with the crimes in Snohomish County case numbers 06-1-01151-6 and 15-1-02668-7; the state threated petitioner through his lawyer that if he did not plead guilty he would face a life-sentence; the state court allowed hearsay evidence to be used to support probable cause; and that petitioner filed in the Snohomish County Superior Court a "motion for demurrer" and a "motion for default" which should be granted. Dkt. 6.

## DISCUSSION

Under 28 U.S.C. § 1651, federal courts may issue writs "in aid of their respective jurisdictions." This court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus. That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the United States or any agency thereof to perform a duty." 28 U.S.C. § 1361. Title

REPORT AND RECOMMENDATION - 2

28 U.S.C. § 1651(a) does not vest a federal district court with the authority to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-72 (9th Cir.1991) (explaining "to the extent that [petitioner] attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law"); *Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D.Cal.1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties)..

Here, petitioner asks the Court to "issue a writ of mandamus ordering the Superior Court of Washington, Snohomish County to enforce the laws of Washington State," grant petitioner relief from his state convictions and also award him damages. Dkt. 6 at 5. Because this Court lacks jurisdiction over such a request, the Court recommends the motion for writ of mandamus be denied for the reasons above and the action be dismissed with prejudice.

The Court also notes petitioner alleges the state court has violated his federal rights. To the extent petitioner seeks some form of relief under 42 U.S.C § 1983, for federal violations, the action is untimely and barred under *Heck, v. Humphrey*, 512 U.S. 477, 486 (1994. Section 1983 does not contain a statute of limitations, and federal courts thus apply the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*. Here,

REPORT AND RECOMMENDATION - 3

all of petitioner's claims arise from criminal convictions that were finalized outside of the three-year statute of limitations. The claims, if construed as a violation of federal rights under § 1983 should therefore be dismissed as untimely.

The claims if construed as a violation of petitioner's federal rights under § 1983 is also barred under *Heck, v. Humphrey*, 512 U.S. 477, 486 (1994). The *Heck* decision precludes a prisoner's § 1983 claim that, if successful, would invalidate a conviction or sentence "where that conviction [or sentence] has not been reversed, expunged or called into question by issuance of a writ of habeas corpus." *Id.* at 486-87. Here, petitioner's challenge to his state convictions and sentence are barred *Heck* and should accordingly be dismissed.

Further to the extent petitioner seeks relief from his criminal convictions, a civil lawsuit brought under 42 U.S.C. § 1983 is not the proper legal mechanism to obtain such relief. Rather, a Writ of Habeas Corpus under 28 U.S.C. § 2254 is the exclusive federal remedy for a state prisoner who request the invalidation of his conviction based on the claim that the conviction and sentence are unconstitutional. *See Preiser v. Rodriguez*, 411 U.S. 475, 488–89, (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983); *Young v. Kenny,* 907 F.2d 874, 876 (9th Cir. 1989). Petitioner has already sought and been denied § 2254 relief and the present action. The present action, if construed as a habeas action, should similarly be dismissed.

In sum, the Court recommends this action be DISMISSED with prejudice for the reasons set forth above. Although petitioner proceeds *pro se* the Court should dismiss the matter now rather than grant petitioner leave to amend. The Court finds that leave to amend would be futile because the deficiencies contained in petitioner's action cannot be cured by any amendment.

REPORT AND RECOMMENDATION - 4

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Petitioner should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, limited to 8 pages, may be filed no later than **March 23, 2021.** The Clerk should note the matter for **March 26, 2021**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 9th day of March 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5